Dear Mr. Caswell:
You have requested an opinion of the Attorney General in your capacity as legal counsel to the St. Landry Parish School Board ("Board"), relative to a lump sum supplemental pay increase for Board employees. You state that the Board is considering granting a supplemental pay increase which would consist of a payment of Six Hundred Dollars ($600) across the board to each employee. The payment would not be considered an increase to their salary base, but rather would be given in one nonrecurring payment.
You specifically ask whether such a payment is constitutionally permissible in light of Article VII, Section 14
of the 1974 Louisiana Constitution
Article VII, Section 14(A) provides, in pertinent part, the following:
 "Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
This office has consistently opined that the payment of a bonus, or any other gratuitous unearned payment to public employees is prohibited, as same would be tantamount to a donation. In accord are Attorney General Opinion Nos. 92-295, 92-282, 89-190, 88-344, 86-639, 83-940A, 81-1329 and 80-806.
Essentially, all of these authorities cite the well-established rule that payments of additional compensation to public employees, to be constitutionally valid, must be in the form of salary increases for future services to be rendered, not extra compensation for past services already rendered and recompensed. Various methods attempting to disguise constitutionally prohibited extra compensation for past services rendered and recompensed in the authorities cited above were found to be equally invalid.
Conversely, this office does not consider Article VII, Section 14 to prohibit earned increases in compensation, or earned supplemental compensation, unless such supplemental compensation is specifically prohibited by law. In our opinion, whether a payment of money is a donation or earned compensation is a factual determination. We find support for this position inState v. Davis, 359 So.2d 803 (La.App. 3rd. Cir. 1989), Writ Denied. Therein, the Court held:
 "We are presented with a factual determination: where the two payments . . . which defendant paid to himself extra compensation for past services rendered . . . or . . . salaries for services rendered but for which no salary was drawn when the services were rendered?" (Emphasis added.)
We turn now to a review of previous opinions issued by this office which distinguish between valid and invalid factual supplemental pay scenarios.
Opinion No. 80-1095 discussed the legal authority for the City of Monroe to increase the salary of its City Judge. The City had awarded cost of living increases to all City employees for the previous six years, excluding the judge, under the mistaken belief that the judge's salary was fixed by law and could not be increased. The opinion held that the City could have included the judge in its annual cost of living increases to employees, but failed to do so. The City could correct his exclusion in anyfuture salary increases. Thus, the judge had already been compensated for past services rendered and was not entitled to a retroactive increase for these services. Any salary adjustment would have prospective application only.
Opinion No. 80-806 addressed the issue of whether a municipality could grant retroactive salary adjustments for its public officials. The adjustment was to be a reimbursement for departmental directors who received a less than average salary adjustment between November 1, 1979 and June 2, 1980. Thus, the reimbursement would, in effect, be a lump sum payment for services previously compensated. The author concluded that payments, to be legal, must be in the form of salary increases for the future, not extra compensation for past services rendered.
Opinion No. 86-639 dealt with retroactive salary increases to employees of a parish library. The payments would represent salary increases from the time the Library Board of Control contingently adopted a salary proposal, to the time the money actually became available from reserve legal fees. Therein, the author concluded that such payments would constitute renumeration for services already rendered and compensated — a violation of Article VII, Section 14. Thus, the payments could not be paid retroactively, notwithstanding the fact that the Library Board had previously approved the increases since said approval was contingent upon obtaining the funds.
Opinion No. 88-344 relates to salary adjustments for three City employees who had worked thirty hours per week prior to 1987. A new administration increased their schedule to thirty-five hours per week without granting an increase in salary for the additional hours. Subsequent to the Mayor's resignation, his successor reduced the affected employees' work week back to thirty hours. Again, there was no change in their compensation. The issue was whether the new Mayor could authorize payment of additional compensation for the extra five hours per week worked by the employees. The opinion held that:
 ". . . absent any agreement with the employees, no overtime or extra compensation must be paid if the number of work hours per week do not exceed forty hours."
Since the employees had already received compensation for the hours they worked in 1987, they could not receive any additional compensation without the City being in violation of Article VII, Section 14.
Opinion No. 90-128 recognized a school board's authority to institute incentive pay plans which promised additional, but reasonable future compensation, for future
performance by a public employee which is of a demonstrable public benefit. To meet constitutional muster, the program must be formal; i.e., it must be adopted formally by the school board in writing. The grounds for additional incentive pay must be objective criteria clearly stated. Finally, the program must have prospective effect only, with regard to future performance by employees. Thus, if the amount of the incentive award or pay is reasonable in relation to the nature of the employee performance and the public benefit realized, then such incentive pay will qualify as compensation rather than simply spontaneous payments for past performance. In accord is Opinion No. 92-175.
Opinion No. 93-586 addressed a unique factual situation wherein salaries for professional and non-professional employees of the St. Tammany Parish School Board were set by mathematical formula prospectively in advance of the services performed by these personnel during the 1992-1993 school year. The formula set a "base" salary for each employee and also a certain share of a percentage of whatever undedicated general fund balance remained at the end of the year. Thus, although the exact amounts of the salaries were not known at the beginning of the year, the salaries were set at that time to be mathematically ascertainable in operation on the future condition of the general fund.
The end-of-year undedicated general fund percentages were, in effect, dedicated to the payment of these salaries prior to rendition of the services being compensated, by collective bargaining negotiations and agreements. In other words, the amounts ascertainable from the formulated percentages represent salary increases agreed to at the beginning of the 1992-1993 school year for services to be rendered during that year, even though they would be payable only insofar as sufficient funds would be available at the end of the year and only out of such funds at that time. The author concluded that the unique salary formulas described did not violate the rule against paying additional compensation for past services already rendered. Rather, they constitute salary increases formulated prior to the rendition of the then-future services to be rendered in return therefor, with a dedication of the use of otherwise undedicated general fund amounts remaining at the end of the year to fulfill the mathematical formulas and to finance the actual payments.
Opinion No. 94-241 addressed the State Civil Service Commission's consideration of a pay plan for state classified employees, which plan would provide a supplemental payment to such employees for work performed between July 1, 1994 and November 30, 1994. The payment would constitute a one-time supplemental payment amounting to five (5%) percent of the employees' annual salary determined as of November 30, 1994, with a maximum of $1,200. The payment would be prorated based upon the period of employment between July 1, 1994 and November 30, 1994. The employee would only be eligible to receive the payment if said employee was employed on the date the pay increase was distributed, which date was after November 30, 1994. The opinion concluded that, under this specific factual scenario, the payment would not constitute a violation of Article VII, Section 14.
We have reviewed the payment contemplated by the St. Landry Parish School Board and believe that it cannot be factually distinguished from the lump sum payments discussed in Attorney General Opinion Nos. 80-806 and 88-344, both of which were found to be retroactive pay raises or bonuses for services previously rendered. We further find that the proposed pay plan does not appear to fall within the perimeters of any of the plans discussed above which were found to meet constitutional muster. Still, it would appear that an acceptable supplemental pay plan could be fashioned taking into consideration the constitutional criteria suggested and discussed, supra.
Trusting this answers your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB
Attorney General
 By: _____________________ ROBERT E. HARROUN, III
Assistant Attorney General